IRVING, J.,
for the Court.
¶ 1. A Tate County jury convicted Timothy Alexander of grand larceny, and the court sentenced him to serve ten years in the custody of the Mississippi Department of Corrections.[1] Aggrieved, Alexander appeals and asserts that the trial court erred in granting the prosecution’s motion to require that he be placed in restraints during trial.
¶ 2. Finding no error, we affirm.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Alexander contends that the trial court denied him “a fundamentally fair trial by requiring him to stand trial in shackles.” According to Alexander, the court’s ruling was an abuse of discretion because he was not a flight risk, and there was no proof that he had ever attempted to escape or assault anyone during previous court appearances. In addition, Alexander argues that four law enforcement officers were present during the trial, thereby providing adequate security for all who were present in the courtroom. In Rush v. State, 301 So.2d 297, 300 (Miss.1974), the Mississippi Supreme Court stated:
The appellant contends that being exposed to the jurors in handcuffs denied him a fair trial. It is a common-law right of a person being tried for the commission of a crime to be free from all manner of shackles or bonds, whether of hands or feet, when in court in the pres *209 ence of the jury, unless in exceptional cases where there is evident danger of his escape or in order to protect others from an attack by the prisoner. Whether that ought to be done is in the discretion of the court, based upon reasonable grounds for apprehension. But, if this right of the accused is violated, it may be ground for the reversal of a judgment of conviction.
(emphasis added).
¶ 4. Prior to the start of trial, the circuit court judge indicated that security officers assigned to the courtroom had informed him that Alexander was an unpredictable and erratic person. The court held a brief hearing in which it permitted the prosecution to question George Hullette, Tate County jail administrator, about Alexander. Hullette testified that Alexander had exhibited aggressive and erratic behavior over the period of time that he had been incarcerated in the jail. According to Hul-lette, Alexander never got along with the other inmates, and had to be isolated and placed in an individual cell. Hullette also testified that Alexander had engaged in fights with other inmates on different occasions. Hullette further testified that he had been assaulted by Alexander while attempting to break up a fight. In light of the incidents involving Alexander, the prosecution asked the court to take extra precautions.
¶ 5. Hullette recommended to the court that Alexander be placed only in leg restraints so that if he decided to run, the courtroom security officers would then have a better chance of capturing him. Based on Hullette’s testimony and the concerns of other courtroom security officers, the judge ordered that Alexander’s legs be shackled, but his hands were ordered to be free of any restraints so that he could take notes, review exhibits, or assist his lawyer in any other manner throughout the trial. The court cited safety concerns for all who may have been potentially present in the courtroom during the trial as the basis for its ruling. From the record testimony, it is clear that the trial judge had sufficient justification for requiring that Alexander be placed in leg restraints during his trial.
¶ 6. Furthermore, the record reveals that the prosecution had made arrangements for the defense to use a witness room immediately adjacent to the defense table in an effort to avoid having the jury see Alexander in shackles. Moreover, in an effort to mitigate any possible prejudice, Alexander’s attorney had him placed at the defense table' outside of the presence of the jury. Alexander was asked to put his feet under the table and keep them there because there was a rail or bar in front of the defense table that blocked his feet from the jury’s viewpoint. We note that the record does not indicate whether the jury was even aware of Alexander’s leg restraints.
¶ 7. There was evidence that Alexander posed a flight risk; therefore, we cannot say that the trial court abused its discretion in ordering him to be placed in leg restraints. This issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS,. JJ., CONCUR. .

. The grand larceny charge stemmed from the theft of a vehicle owned by Rodney B. Evans.